Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| IN RE:<br><br>LUIS A. PÉREZ RÍOS<br><br>Número de Licencia 8387 | KLRA202300596 | Revisión Judicial Procedente de la Junta Examinadora de Peritos Electricistas de Puerto Rico<br><br>Sobre:<br>Suspensión de licencia por incumplimiento con el Artículo 16, Inciso (H) de la Ley 115 - 1976, según enmendada |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico a 29 de enero de 2024.

El 17 de noviembre de 2023, el Sr. Luis Pérez Ríos (en adelante Pérez Ríos) instó ante este Tribunal de Apelaciones *Recurso de Revisión Judicial* mediante el que nos solicita la revocación de la *Resolución* expedida por la Junta Examinadora de Peritos Electricistas (Junta Examinadora) con fecha del 18 de septiembre de 2023. Por virtud del aludido dictamen, la Junta Examinadora suspendió sumariamente su licencia de perito electricista por alegado incumplimiento con las horas contacto de educación continua requeridas para el periodo que culminaba el 31 de diciembre de 2021.

Examinado el expediente, así como las disposiciones legales aplicables que adelante expondremos, **confirmamos** la determinación recurrida.

I

Conforme surge del expediente ante nuestra consideración, el 18 de septiembre de 2023, la Junta Examinadora emitió la *Resolución* recurrida suspendiendo sumariamente la licencia de perito electricista de Pérez Ríos. En esta, se consignó lo siguiente:

Número Identificador

SEN2024 _____

[…]

La Junta luego de evaluar la prueba documental presentada en su contra por parte del Colegio de Peritos Electricistas de Puerto Rico el día 17 de julio de 2023, y evaluar la Ley 115-1976, según enmendada, ha concluido que el Colegio de Peritos Electricistas de Puerto Rico le notificó a usted mediante correo certificado con fecha del 29 de junio de 2023 que usted fue referido a la Junta para que se iniciara el procedimiento de suspensión de su licencia debido a que usted a la fecha del 31 de diciembre de 2021 no cumplió por uno o más años consecutivos con el requisito de tomar 8 horas de educación continua, según requerido por las leyes y reglamentos aplicables a su profesión.

Es importante mencionar que el Artículo 16 inciso (h) de la Ley 115-1976, según enmendada, establece claramente que la Certificación emitida por el Colegio de Peritos Electricistas de Puerto Rico a la Junta, indicando que usted se encuentra en incumplimiento con el requisito de tomar las horas de educación continua requeridas conforme a las leyes y reglamentos aplicables a su profesión, constituye suficiente evidencia para que la Junta tome acción sobre la suspensión de licencia, sesenta (60) días a partir de la Certificación que el Colegio le emite a la Junta.

Por lo antes dispuesto, habiéndose expirado el término de sesenta (60) días a partir de la Certificación que le emitió el Colegio de Peritos Electricistas de Puerto Rico a esta Honorable Junta, procedemos a emitir las determinaciones de hechos y conclusiones de derecho correspondientes.

## DETERMINACIONES DE HECHO

1. El 21 de noviembre de 2022 el Colegio publicó en un periódico de circulación general un anuncio pagado en el cual listó todos los nombres de los electricistas que no han tomado las horas crédito de educación continua, según requerido por la Ley 115-1976.

2. El 29 de junio de 2023, el Colegio le notificó al Sr. Luis A. Pérez Ríos mediante correo certificado que su caso fue referido a la Junta para la suspensión de la licencia.

3. El 17 de julio de 2023 el Colegio le "Certificó" a la Junta, la lista de los peritos electricistas que al 31 de diciembre de 2021 no habían cumplido, por uno o más años consecutivos, con el requisito de tomar 8 horas de educación continua, según requerido por la Ley 115-1976.

4. De la notificación enviada a la Junta por parte del Colegio el 17 de julio de 2023 se Certifica que el Sr. Luis A. Pérez Ríos se encuentra en incumplimiento con el Artículo 16 inciso (h).

## CONCLUSIONES DE DERECHO

1. Al no cumplir el señor Luis A. Pérez Ríos con la totalidad de las horas requeridas de educación continua para el periodo que

culminaba el 31 de diciembre de 2021, violentó lo dispuesto en el Artículo 16 inciso (h) de Ley Núm. 115-1976, según enmendada por lo que procede la suspensión de su licencia de perito electricista.

### DETERMINACIÓN FINAL

Tomando en consideración lo anteriormente expuesto en la presente Resolución, la Junta Examinadora de Peritos Electricistas de Puerto Rico declara Ha Lugar la suspensión de su licencia de perito electricista del señor Luis A. Pérez Ríos y dicha suspensión será efectiva una vez advenga final y firme la notificación de esta Resolución.

Inconforme con la suspensión determinada, Pérez Ríos presentó una *Moción de reconsideración*. La Junta Examinadora no atendió la reconsideración de Pérez Ríos por lo que oportunamente Pérez Ríos instó el recurso de epígrafe ante este Tribunal de Apelaciones imputándole a la Junta Examinadora errar al:

[…] suspender sumariamente la licencia de perito electricista del recurrente por alegado incumplimiento con las horas contacto de educación continuada para el periodo que culminaba el 31 de diciembre de 2021, sin brindarle la oportunidad de ser oído en violación al debido proceso de ley consagrado en la Constitución de Puerto Rico y a la Ley de Procedimiento Administrativo Uniforme, Ley núm. 38-2017.

[…] al aplicar el proceso de suspensión sumario de licencia establecido en el Art. 16, inciso (h) de la Ley núm. 115-1976, disposición inconstitucional que privó al recurrente de un derecho propietario en violación al debido proceso de ley.

Atendido el recurso, el 6 de diciembre de 2023 emitimos *Resolución* ordenándole a la parte recurrida a presentar su posición dentro del término dispuesto en nuestro Reglamento, 4 LPRA Ap. XXII-B. En cumplimiento con este plazo, el 28 de diciembre de 2023, la Junta Examinadora compareció mediante *Escrito en cumplimiento de Resolución.*

En su comparecencia, la Junta Examinadora señala que el procedimiento de revisión judicial ante este Tribunal de Apelaciones no es el instrumento adecuado para impugnar la constitucionalidad de las disposiciones de la Ley 115 por violación al debido proceso de ley. Al contrario, expone que la declaración de inconstitucionalidad pretendida

debe ser auscultada ante el Tribunal de Primera Instancia.[1] No obstante, expone que asumiendo que el recurso de revisión es el vehículo adecuado para atender los planteamientos constitucionales del recurrente- cosa que niega- el procedimiento impugnado honra las garantías mínimas del debido proceso de ley aplicables a los procedimientos administrativos, ya que provee:

(1) la notificación de la deficiencia de créditos de educación continua, y de la posibilidad de suspensión de su licencia a causa de ello, tanto por correo como por edicto;

(2) la oportunidad de demostrar que en realidad cumplió con el requisito de educación continua, aunque, por delegación legislativa, sea ante el Colegio, lo que el recurrente objeta sin justificación jurisprudencial o estatutaria; y

(3) la adjudicación imparcial de la controversia, basada en el expediente administrativo, lo que el recurrente no ha podido refutar.

Con el beneficio de la comparecencia de las partes, damos por sometido el asunto y procedemos a resolver conforme al derecho aplicable que más adelante consignamos.

II

-*A*-

En lo concerniente al asunto de epígrafe, es importante señalar que el Artículo 4.006 de la Ley de la Judicatura de Puerto Rico, 4 LPRA Sec. 24, *et seq.*, dispone, entre otras cosas, que este Tribunal de Apelaciones conocerá mediante recurso de revisión judicial de las decisiones, órdenes y resoluciones finales de organismos y agencias administrativas. De igual

---

[1] En apoyo a su contención, la Junta Examinadora por voz de la Oficina del Procurador General cita la decisión emitida por el Tribunal Supremo de Puerto Rico en Centro Unido Detallistas v. Com. Serv. Pub., 174 DPR 174 (2008). Ahora, los argumentos que levanta no consideran que en Fuentes Bonilla v. ELA et al., 200 DPR 364, 389 (2018) nuestro más alto foro al aclarar los pronunciamientos efectuados en dicha jurisprudencia, así como en el caso JP v. Frente Unido I, 165 DPR 445 (2005), señaló que "pese a que en Centro Unido Detallistas v. Com. Serv. Púb., *supra*, y J.P. v. Frente Unido I, *supra*, expresamos que pasado el término de treinta días que establece la LPAU en su Sec. 2.7, *supra*, la parte que desee impugnar una regla o un reglamento, incluso constitucionalmente, puede acudir al Tribunal de Primera Instancia, ello no significó que únicamente ante este último foro era posible cuestionar una disposición reglamentaria."

forma, y en cuanto a ello, la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios ante esta, podrá presentar una solicitud de revisión ante este foro apelativo.[2] La solicitud de revisión deberá ser sometida dentro del plazo de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.[3]

De otra parte, la competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq.* A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671.

Para impugnar la razonabilidad de la determinación administrativa, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de la evidencia que obra en el expediente administrativo. Domínguez v. Caguas Expressway Motors, 148 DPR 387, 397-398 (1999) citando a Hilton Hotels. v. Junta de Salario Mínimo, 74 DPR 670, 686 (1953). La misma, debe ser suficiente como para que pueda descartarse en derecho la presunción de corrección de la determinación administrativa, no pudiendo descansar en meras alegaciones. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). El criterio rector para examinar una decisión administrativa es la razonabilidad de la actuación

---

[2] 3 LPRA Sec. 9672.
[3] Igual plazo está establecido en la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 57, para someter el escrito inicial de revisión administrativa.

de la agencia recurrida. González Segarra et al. v. CFSE, 188 DPR 252, 276 (2013).

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712 (2012), citando a Empresas Ferrer v. A.R.Pe., 172 DPR 254, 264 (2007).

*-B-*

La Ley 115 del 2 de junio de 1976, Ley de la Junta Examinadora de Peritos Electricistas, (en adelante Ley 115) creó la Junta Examinadora, estableciendo sus deberes y facultades, así como aquellos requisitos para la práctica de la profesión de perito electricista en Puerto Rico. Entre los deberes y las facultades que la Ley 115 le reconoce a la Junta Examinadora, se encuentra el que esta podrá denegar, suspender o revocar licencias por cualquiera de las razones consignadas en tal estatuto.[4] Así pues, y en cuanto a esto, el Artículo 16 de la Ley 115 sobre suspensión, revocación o denegación de licencia, 20 LPRA Sec. 2715, dispone como a continuación transcribimos:

> La Junta podrá denegar la concesión de una licencia y podrá, además, suspender o revocar la concesión de la licencia expedida de acuerdo con esta Ley, previa formulación de cargos, notificación y audiencia, a cualquier persona que:
>
> […]
>
> (h) No haya tomado los cursos de educación continua que ofrece el Colegio de Peritos Electricistas o las instituciones acreditadas por la Junta Examinadora de Peritos Electricistas.
>
> Cuando la suspensión de la licencia proceda en virtud de los incisos (g) y (h) de esta Sección, no se requerirá la previa formulación de

---

[4] 20 LPRA Sec. 2705.

cargos y audiencia. En tales casos, se seguirá el siguiente procedimiento:

A más tardar el 30 de abril de cada año, el Colegio de Peritos Electricistas de Puerto Rico referirá a la Junta Examinadora, una lista con los nombres de todas las personas que no hayan pagado la cuota de colegiación a esa fecha o no hayan cumplido el número de horas de educación continua requerido a esa fecha, para que inicie el correspondiente procedimiento de suspensión de licencia. La certificación del Colegio constituirá suficiente evidencia para que la Junta tome acción sobre la suspensión de licencia, sesenta (60) días a partir de la notificación del procedimiento de suspensión si la persona querellada no acredita haber pagado la colegiación o haber tomado los cursos de educación continua. El Colegio publicará, en un periódico de circulación general diaria, los nombres de las personas que referirá a la Junta Examinadora. Transcurridos quince (15) días a partir de la publicación, le notificará a dichas personas por correo certificado que su caso ha sido referido a la Junta Examinadora para que inicie el correspondiente procedimiento de suspensión de licencia. La Junta Examinadora suministrará al Colegio los nombres de las personas que haya admitido o admita al ejercicio de la profesión de perito electricista. Asimismo, el Colegio informará a la Junta Examinadora del deceso de cualquier perito electricista colegiado, en un término de no más de noventa (90) días, a partir de la notificación de su fallecimiento.

Reinstalación:

Cualquier persona a quien se le haya suspendido la licencia por falta de pago de la cuota de colegiación o por no haber tomado los cursos de Educación Continua podrá solicitar por escrito a la Junta su reinstalación dentro de un año a partir de la cancelación de su licencia, y además, de acreditar el pago de la colegiación y/o de haber tomado los cursos de Educación Continua. Pagará los derechos que establezca el Departamento de Estado mediante reglamento en virtud de la Ley Núm. 41 de 5 de agosto de 1991. La Junta no podrá reinstalar la licencia a dicha persona por más de una ocasión. Después de transcurrido un año de la suspensión de la licencia no se podrá reinstalar la licencia y el interesado tendrá que solicitar una nueva licencia y someterse al examen de reválida.

## III

Mediante la discusión conjunta de sus dos señalamientos de error, Pérez Ríos argumenta que la determinación de la Junta Examinadora de suspender su licencia de perito electricista sin previa notificación de una querella y sin darle oportunidad a defenderse y demostrar que efectivamente cumplió con las horas de educación continua constituyó una violación a su derecho a un debido proceso de ley consagrado en la Constitución del Estado Libre Asociado y fue contraria a las disposiciones de la Ley 38-2017. Así, reclama que la Junta Examinadora aceptó como cierta la comunicación enviada por el Colegio y revocó su licencia sin más

oírle, lo que violentó las salvaguardas mínimas de un debido proceso de ley. Más aún, ante la alegada violación reclama que el proceso sumario de licencia establecido en el Artículo 16 de la Ley 115 es inconstitucional por privarle de un derecho propietario; su licencia de perito electricista y así debemos decretarlo.

Ahora, previo a atender los distintos planteamientos levantados por las partes, estimamos meritorio consignar que, aunque no lo levanta como un señalamiento de error específico, Pérez Ríos cataloga como defectuosa la notificación de la *Resolución* recurrida por habérsele apercibido el foro incorrecto ante el cual podía acudir en revisión judicial. Hemos estudiado el aludido documento y notamos que su observación es correcta. Ello así ya que, según la notificación de la determinación, se le informó que de interesarse la revisión debía comparecer ante el Tribunal de Primera Instancia, Sala de San Juan. Ante este defecto, nos dimos a la tarea de auscultar si tal falla incidía de alguna manera en nuestra jurisdicción. Nuestro análisis nos lleva a responder en la negativa. Si bien la Junta Examinadora informó equivocadamente que el foro con jurisdicción para atender la revisión era el Tribunal de Primera Instancia, Pérez Ríos acudió oportunamente ante este Tribunal de Apelaciones, foro con jurisdicción para atenderla.[5]

Procedemos ahora a adjudicar los reclamos del recurrente. Como dijimos, en su recurso reclama que el proceso de suspensión de licencia de la Junta Examinadora violentó su derecho a un debido proceso de ley por no haber sido adecuadamente notificado, ni habérsele dado oportunidad de ser oído. Ante ello, afirma que tal procedimiento es inconstitucional por incidir con su derecho propietario sobre la licencia de perito electricista, la que le permite ganarse el sustento. Un análisis sopesado de las disposiciones de la Ley 115, así como de las normas de autolimitación

---

[5] Véase, <u>Molino Gronau v. Corp. P.R. Dif. Pub</u>., 179 DPR 674, 688-689 (2010).

judicial, nos lleva a concluir que, en virtud de las circunstancias particulares del caso, la suspensión de la licencia de perito electricista del recurrente sin la celebración de previa audiencia no constituyó una violación su derecho a un debido proceso de ley. Veamos.

El debido proceso de ley comprende el derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo. Com. PNP v. CEE et al. III, 196 DPR 706 (2016), al citar a Aut. Puertos v. HEO, 186 DPR 417, 428 (2012) y otros allí mencionados. A través del mismo, se protege que no se intervenga con los derechos de las personas sin antes brindar a las partes la oportunidad básica de ser escuchados y defenderse. *Íd.* Esto, exige que, ante la privación de un derecho, la parte afectada tenga acceso a un proceso que sea cónsono con los principios de justicia e imparcialidad. De este modo, la característica medular del debido proceso de ley es que el procedimiento debe ser justo. A su vez, otros de sus componentes básicos lo son la notificación adecuada y la oportunidad de ser escuchado y de defenderse. *Íd.*

Ahora bien, el debido proceso de ley no requiere la celebración de previa audiencia a toda privación de un derecho o interés propietario. Camacho Huertas v. Cía. De Turismo, 174 DPR 833, 840-841 (2008), al mencionar a Vélez Ramírez v. Romero Barceló, 112 DPR 716, 730 (1982). Basta con que, en algún momento significativo, la parte afectada por la determinación de la agencia tenga la oportunidad de defenderse y presentar su caso en un proceso con las garantías que entraña el debido proceso de ley. *Íd.*

Según se desprende del hecho número 2 determinado por la Junta Examinadora en su *Resolución*- la cual no fue impugnada por el peticionario- el 29 de junio de 2023, el Colegio le notificó mediante correo certificado que su caso fue referido a la Junta para la suspensión de la

licencia. Asimismo, y conforme arrojan los documentos que las partes sometieron ante nos, antes de este comunicado, específicamente el 13 de diciembre de 2022, el Colegio le había notificado al señor Pérez Ríos que certificó a la Junta Examinadora su incumplimiento con el requisito de educación continua. En esa ocasión, el Colegio hizo referencia a las disposiciones de rehabilitación de licencia contenidas en la Ley 115 exhortándole a comunicarse al Colegio para asistirlo en tal proceso.

De lo antes detallado puede consignarse que el señor Pérez Ríos fue notificado en al menos dos ocasiones previo a la suspensión de su licencia de su incumplimiento con los requisitos de educación continua. Advertimos, inclusive, que en al menos una de estas se le exhortó a comunicarse con el Colegio con relación al proceso de rehabilitación.

Los argumentos que levanta para reclamar la inconstitucionalidad del Artículo 16 de la Ley 115 por alegada falta de notificación y oportunidad de defenderse, no consideran estos hechos. Es más, ni siquiera las menciona, limitándose a rechazar cualquier autoridad del Colegio sobre su persona y argumentar que este solo tiene autoridad sobre los peritos electricistas que permanezcan afiliados a la institución. Niega, pues, sin fundamento legal alguno, que el Colegio constituya un foro con jurisdicción para ventilar cualquier asunto relacionado a un perito electricista no colegiado.  Su postura, es una errada e ignora que dentro de los deberes y facultades que la Junta Examinadora tiene como ente en ley para regular la profesión de **todos** los peritos electricistas, está el autorizar al Colegio- bajo las normas y reglas que mediante reglamento establezca- a implantar un sistema de inspectores para velar por el cumplimiento de las disposiciones de la Ley 115; incluidas aquellas relacionadas con el cumplimiento del mínimo de horas de educación continua. Por consiguiente, tal facultad delegada se ejerce sobre todos los peritos electricistas y no solamente sobre aquellos que mantienen membresía con el Colegio.

IV

Por las razones antes expuestas, confirmamos la *Resolución* expedida por la Junta Examinadora de Peritos Electricistas con fecha del 18 de septiembre de 2023.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones